NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-2683

———————

CLAUDIA MELANIA TORRES-BARAHONA; D. M. P-T.; J. E. P.-T.;
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review of an Order of the Board of Immigration Appeals
(Nos. A209-859-252; A209-859-253; A209-859-254)
Immigration Judge: Steven A Morley

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 24, 2024

———————

Before: RESTREPO, FREEMAN, and McKEE, Circuit Judges.

(Filed: July 19, 2024)

———————

**OPINION**[*]

———————

———————

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MCKEE, <u>Circuit Judge.</u>

Petitioner Claudia Melania Torres Barahona and her minor children seek review of the Board of Immigration Appeals' August 17, 2023 final order of removal, affirming an immigration judge's denial of Torres Barahona's application for asylum and protection from removal.[1] We are sympathetic to Petitioners' plight, especially given her courageous flight from Honduras, but we must nonetheless affirm the denial of relief because we find no legal error in the BIA's analysis, and its conclusions are supported by substantial evidence.

## I.[2]

When the BIA affirms an IJ's denial of relief for reasons not addressed by the IJ, our review is limited to the BIA's analysis.[3] We review legal determinations de novo, but "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."[4]

An asylum applicant must either demonstrate (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, or

---

[1] We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a)(1).

[2] The facts of this case are known to the parties and are recounted only to the extent necessary for disposition of this case.

[3] *See Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) ("If the Board relies only on some of the grounds given for denying relief, we review only these grounds." (citing *Chukwu v. Att'y Gen.*, 484 F.3d 185, 193 (3d Cir. 2007))); *Konan v. Att'y Gen.*, 432 F.3d 497, 501 (3d Cir. 2005) ("It is a bedrock principle of administrative law that judicial review of an agency's decision is limited to the rationale that the agency provides.").

[4] 8 U.S.C. § 1252(b)(4)(B); *accord Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020).

(2) a well-founded fear of future persecution.[5] "Withholding of removal requires a higher risk of persecution—a clear probability."[6] "If a petitioner cannot meet [their] burden to establish a risk of persecution for asylum, they automatically fail on their withholding [from removal] claim."[7] To make out a Convention Against Torture ("CAT") claim, an applicant needs to show a clear probability of torture.[8]

Torres Barahona argues that the BIA erred in determining that (1) she did not face past persecution because the threats against her were not sufficiently "concrete" or "menacing," (2) her fear of future persecution "was not objectively reasonable," and (3) she did not qualify for CAT protection.[\]

Given our holding in *Cortez-Amador*,[9] we must conclude that a reasonable fact finder could find, on this record, that the threats against Torres Barahona were not sufficiently concrete and menacing. In *Cortez-Amador*, two men killed the petitioner's father, and then seven years later, those same men threatened to kill the petitioner while he was working with his cousin.[10] The men subsequently killed the petitioner's cousin, and the petitioner fled to the United States five months later.[11] Despite the threat against

---

[5] 8 C.F.R. § 1208.13(b).

[6] *Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 434 (3d Cir. 2023) (citing *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 348-49 (3d Cir. 2008)).

[7] *Id.*

[8] *Myrie*, 855 F.3d at 515 ("The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." (quoting 8 C.F.R. § 1208.16(c)(2)).

[9] 66 F.4th at 435.

[10] *Id.*

[11] *Id.*

petitioner and the related murders of his father and cousin over a seven year span, we held that the threat against petitioner did not qualify him for asylum or withholding of removal because the petitioner was never physically harmed, and his siblings remained in his native country, unharmed, after the murders.[12]

The facts here are sufficiently analogous to *Cortez-Amador* that we must uphold the BIA's findings. After her uncle Modesto was killed and her family threatened, Torres Barahona lived in Honduras for six years and was never physically harmed, and her family members remain in Honduras unharmed. Consequently, we cannot reverse the BIA's denial of Torres Barahona's asylum and withholding claims. Moreover, since she cannot demonstrate a clear probability of persecution if removed, she categorically cannot show a clear probability of torture.[13]

## II.

For these reasons, we must deny the petition for review.

---

[12] *Id.*

[13] *See Yu v. Att'y Gen.*, 513 F.3d 346, 349 (3d Cir. 2008) ("Since the threshold for asylum is lower than for protection under the withholding of removal or CAT provisions, rejection of the petitioners' asylum claims necessarily requires that their CAT and withholding claims be rejected as well.").